FILED
 2014 Apr-22  PM 02:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PHIL TOWNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:13-CV-1703-VEH |
| | ) |
| KOCH FARMS, LLC, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.      Introduction**

Plaintiff Phil Townson ("Mr. Townson") initiated this lawsuit against Defendant Koch Farms, LLC ("Koch"), in the Circuit Court of DeKalb County, Alabama, on August 5, 2013. (Doc. 1-1 at 5).[1] Koch removed the lawsuit to federal court on September 12, 2013, on the basis of diversity jurisdiction. (Doc. 1 at 1; *id.* 2 ¶ 2).

Mr. Townson's complaint contains seven counts stemming from his commercial chicken dealings with Koch. Count One is for breach of contract. (Doc. 1-1 at 8). Counts Two, Three, and Four allege various fraud theories. (*Id.* at 8-11).

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

Count Five asserts tortious interference with a business relationship. (Doc. 1-1 at 11). Count Six is for civil conspiracy premised upon underlying fraudulent acts. (*Id.* at 12). Finally, Count Seven is a claim against fictitious parties.[2] *Id.*

Pending before the court is Koch's Motion for Partial Judgment on the Pleadings Or, in the Alternative, Partial Summary Judgment (Doc. 11) (the "Partial Motion") filed on January 8, 2014. The Partial Motion seeks a dismissal of Counts Two through Six. (Doc. 11 at 1). Koch filed a brief in support of its Partial Motion (Doc. 12) on January 8, 2014.[3]

Mr. Townson opposed the Partial Motion (Doc. 13) on January 28, 2014, and Koch followed with its reply (Doc. 15) on February 14, 2014. Accordingly, the Partial Motion is now ready for disposition and, for the reasons explained below, is **GRANTED IN PART** and **DENIED IN PART**.

## II.   Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). As the Eleventh Circuit has

---

[2] As a general rule, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

[3] All page references to Doc. 12 correspond with the court's CM/ECF numbering system.

2

explained the Rule 12(c) standard:

> Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir.1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)); *see also* Rule 12(c), Fed. R. Civ. P. When we review a judgment on the pleadings, therefore, we accept the facts in the complaint as true and we view them in the light most favorable to the nonmoving party. *See Ortega*, 85 F.3d at 1524 (citing *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 57 (5th Cir.1978)). The complaint may not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Slagle*, 102 F.3d at 497 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 101–02, 2 L. Ed. 2d 80 (1957) & citing *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S. Ct. 2891, 2916–17, 125 L. Ed. 2d 612 (1993)).

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

### III.  Analysis

#### A.  Mr. Townson's Fraud-Based Claims

Koch maintains that, as presently pled, Mr. Townson's fraud-based claims are no different than his breach of contract count because they are not premised upon "something above and beyond an alleged failure [on the part of Koch] to perform contractual obligations." (Doc. 12 at 8). Further, Koch relies upon the comparable district court case of *Stone v. Koch Farms of Gadsden, LLC*, No. CV 1:12–3777–RBP, 2013 WL 121477 (N.D. Ala. Jan. 8, 2013), for the proposition that

these fraud claims are appropriately subject to dismissal because, under Alabama law, "fraud . . . cannot be predicated solely on the fact that a contract was simply breached during performance." (Doc. 12 at 9).

In dismissing the plaintiff's fraud claims as not separately cognizable in *Stone*, Judge Propst of this court relied upon "*Target Media Partners Operating Co, LLC v. Specialty Marketing Corp.* (Ala. Dec. 21, 2012) and its favorable reference to Justice Gorman Houston's concurrence in *Hunt Petroleum Corp. v. State of Alabama*, 901 So. 2d 1 (Ala. 2004)." *Stone*, 2013 WL 121477, at *1. In *Hunt Petroleum*, Alabama Supreme Court Justice Houston explained:

> I recently discussed the difference between breach-of-contract and fraud claims in my special concurrence in *Dickinson v. Land Developers Construction Co.*, 882 So. 2d 291 (Ala. 2003): . . . .
>
> Regardless, it is clear that *to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud. Deupree*, 522 So. 2d at 245.

*Hunt Petroleum*, 901 So. 2d at 10, 10-11 (emphasis in original).

Here, the court is persuaded by the foregoing authorities and agrees with Koch that, as presently formulated, Mr. Townson's fraud claims overlap with and are not sufficiently independent from his breach of contract count. Accordingly, because he

4

has not plausibly presented separately viable fraud claims, Counts Two through Four of Mr. Townson's complaint are **HEREBY DISMISSED WITH PREJUDICE**. Additionally, because Mr. Townson's claim of civil conspiracy is premised upon that same inadequate fraudulent conduct, *see, e.g., Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 430 (Ala. 2006) ("A civil conspiracy cannot exist in the absence of an underlying tort."), Count Six is similarly **HEREBY DISMISSED WITH PREJUDICE**.

### B. Mr. Townson's Tortious Interference Claim

In Count Five of his complaint, Mr. Townson maintains that Koch interfered with the financial relationships that he shared with the First Bank of the South and the United States Department of Agriculture's Farm Service Agency ("FSA") because Koch failed to deliver any flocks to him. (Doc. 1-1 at 7). A claim of tortious interference requires allegations showing:

> (1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage.

*White Sands Group, L.L.C. v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala. 2009).

In seeking a dismissal of this count, Koch, first suggests in passing and without clarifying under which particular authorities, that the claim fails for the same reasons that Mr. Townson's fraud ones do. (Doc. 12 at 20). However, none of the cases cited

by Koch in the fraud-focused section of its brief appear to have ever specifically addressed the viability of an interference claim that overlaps with a breach of contract count.[4] Accordingly, the court rejects this ground offered for dismissal as underdeveloped.

Koch then contends that, from a pleading perspective, *prima facie* elements three and four are deficient. (Doc. 12 at 20-22). Alternatively, Koch urges that if this court finds that Mr. Townson has sufficiently stated a claim for interference, then it should convert the Count Five portion of its Partial Motion to one for summary judgment and consider the attached declaration of Jim Marsh ("Mr. Marsh") as evidence to demonstrate that Koch was not a stranger to those business relationships that Mr. Townson maintains were harmed by Koch's actions. (Doc. 12 at 22-23).

Mr. Townson counters that he has plausibly pled his interference claim. (Doc. 13 at 13-15). Regarding the third *prima facie* element, Mr. Townson asserts:

> The Defendants were not parties to these loans. They were aware of them, but were not on the notes. The Defendants were not an agent of or related to anyone [] involved with the loans and had no financial stake in the business relationship between the Plaintiff, the First Bank of the South and the FSA.

---

[4] In *Stone*, Judge Propst dismissed a negligence/wantonness count based upon *Target*'s fraud-driven analysis. *See id.* at *3 ("Count Four is also subject to the *Target* case."); *see also Stone*, No. 1:12-CV-3777-RBP (N.D. Ala. Nov. 1, 2012) (Doc. 1-1 at 12 (pleading "**(NEGLIGENCE/WANTONNESS)**" as plaintiff's fourth count)).

6

(Doc. 1-1 ¶ 48).

As for the fourth *prima facie* element, Mr. Townson maintains:

> The Defendants intentionally interfered with the business relationship between the Plaintiff, the First Bank of the South and the FSA by not sending the Plaintiff anymore flocks. Without flocks to grow and receive compensation as previously promised, the Plaintiff was unable to satisfy all of his obligations between the Plaintiff, the First Bank of South and the FSA.

(Doc. 1-1 ¶ 49).

Mr. Townson also contends that the court should not consider Mr. Marsh's declaration. (Doc. 13 at 15). Alternatively, Mr. Townson maintains that, even if the court does consider the procedurally challenged evidence, "the assignment of rights by [Mr. Townson] to receive payments from Koch[] to the First Bank of the South does not make Koch[] a party to the contract." (Doc. 13 at 16).

Having considered both sides' arguments and studied the cited authorities, the court concludes that Mr. Townson's interference claim is adequately pled from a Rule 12 standpoint and that analyzing the cause of action under a Rule 56 framework by way of a Rule 12(d) conversion is not appropriate at this early stage of the litigation. Instead and/or regardless, the court determines that the viability of this particular claim should be decided on a much more developed evidentiary and legal (*i.e.*, with citations to on-point case authorities) record. Accordingly, that portion of the Partial

Motion is **DENIED**.

## IV.  Conclusion

For the reasons stated herein the Partial Motion is **GRANTED** with respect to Counts Two, Three, Four, and Six, and is otherwise **DENIED**. Accordingly, Counts Two, Three, Four, and Six of Mr. Townson's complaint are **HEREBY DISMISSED WITH PREJUDICE**, and Counts One and Five remain pending.

**DONE** and **ORDERED** this 22nd day of April, 2014.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge