FILED

2014 Aug-19  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **PHIL TOWNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:13-CV-1703-VEH** |
| | ) | |
| **KOCH FARMS, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

Plaintiff Phil Townson ("Mr. Townson") initiated this lawsuit against Defendants Koch Farms, LLC and Koch Farms of Chattanooga (collectively "Koch"), in the Circuit Court of DeKalb County, Alabama, on August 5, 2013. (Doc. 1-1 at 5).[1] Koch removed the lawsuit to federal court on September 12, 2013, on the basis of diversity jurisdiction. (Doc. 1 at 1; *id.* 2 ¶ 2).

On April 22, 2014, the court granted, in part, Koch's Motion for Partial Judgment on the Pleadings Or, in the Alternative, Partial Summary Judgment (Doc. 11) (the "Partial Motion") filed on January 8, 2014. Applying a judgment on the

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

pleadings standard, the court dismissed Counts Two, Three, Four, and Six from Mr. Townson's lawsuit. The remainder of the Partial Motion was otherwise denied.

Now pending before the court are Mr. Townson's Motion for Relief from Order (Doc. 21) (the "Relief Motion") filed on August 14, 2014, and Koch's Motion To Set Briefing Schedule on Plaintiff's Motion for Relief from Order (Doc. 22) (the "Briefing Motion"). As discussed more fully below the Relief Motion is **DENIED**, and the Briefing Motion is **TERMED** as **MOOT**.

## II.    Standard

A district court has plenary power over an interlocutory order, including the authority "to reconsider, revise, alter or amend [it] . . . ." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Gallimore v. Missouri Pacific R. Co.*, 635 F.2d 1165 (5th Cir. 1981));[2] *see also Toole*, 235 F.3d at 1315 (concluding that because "the court's order for a new trial was an interlocutory order . . . the trial court had the power to revoke it and reinstate the judgment").

At the same time, "in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

employed sparingly." *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (internal quotation marks omitted) (quoting *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)); *Spellman v. Haley*, No. 97–T–640–N, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  Indeed, as a general rule, "courts have recognized three grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1353 (M.D. Ala. 2003) (citing *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)).

Finally, the Eleventh Circuit "review[s] denials of motion for reconsideration for abuse of discretion." *Makro Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1261 (11th Cir. 2008) (citing *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007)).

## III.   Analysis

### A.    Mr. Townson's Relief Motion

### Procedural Problems with Mr. Townson's Relief Motion

Mr. Townson's Relief Motion is procedurally flawed for several reasons. First, it is untimely. More specifically, under this court's uniform initial order (Doc. 5) filed

3

on September 13, 2013, "[m]otions for reconsideration must be filed within ten days of the date of the court's ruling which the movant seeks to have reconsidered or the court <u>may</u>, in its discretion, deny the motion as untimely." (Doc. 5 at 26). Here, Mr. Townson's filed his Relief Motion 114 days (or over 3 months and 3 weeks) after the ruling he is now contesting. Moreover, Mr. Townson did not accompany his Relief Motion with a request that the court consider it despite its untimeliness. Consequently, the court, in its discretion, denies the Relief Motion consistent with the terms of its uniform initial order.

Another problem with the Relief Motion is that Mr. Townson, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, purports to seek relief from this court's "<u>final</u> order for newly discovered evidence . . . ." (Doc. 21 at 2 (emphasis added)). However, because the court's order entered on April 22, 2014, does <u>not</u> dispose of all claims and was <u>not</u> certified by the court as a partial final judgment, the order is actually a <u>non-final</u> one. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>.") (emphasis added); *id.* ("Otherwise, any order or other decision, however designated, that adjudicates

4

fewer than all the claims or the rights and liabilities of fewer than all the parties <u>does</u>

<u>not end the action as to any of the claims</u> or parties and <u>may be revised at any time</u>

before the entry of a judgment adjudicating all the claims and all the parties' rights

and liabilities.") (emphasis added).

Additionally, Rule 60(b)(2) expressly provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.**
> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons: . . . (2) newly discovered evidence that, with
> reasonable diligence, could not have been discovered <u>in time to move</u>
> <u>for a new trial under Rule 59(b)</u>; . . . .

Fed. R. Civ. 60(b)(2) (emphasis by underlining added); *cf. St. Fleur v. City of Fort*

*Lauderdale*, 149 F. App'x 849, 851-52 (11th Cir. 2005) ("The scope of an appeal of

a ruling on a Rule 60(b) motion is 'narrow': the appeal addresses 'only the propriety

of the denial or grant of [Rule 60(b)] relief' and 'does not raise issues in the

underlying judgment for review.'" (quoting *Am. Bankers Ins. Co. of Fla. v.*

*Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999))).

This case is in the preliminary stages of litigation. No trial has taken place and

no final judgment on any aspect of the lawsuit has been entered. Under such

circumstances, Mr. Townson has not adequately explained how challenging this

court's non-final judgment on the pleadings ruling is even appropriate under Rule

60(b)(2).

### Substantive Problems with Mr. Townson's Relief Motion

Substantively, the Relief Motion is also misguided. In particular, Mr. Townson contends that the deposition testimony attached to the Relief Motion demonstrates that "Koch's motion was premature when filed, and resolution of same, without discovery, certainly did not promote a just and proper resolution of Plaintiff's claims." (Doc. 21 at 3).

Mr. Townson, however, either fails to acknowledge or overlooks the fact that, consistent with the judgment on the pleadings standard, the court's Partial Motion decision did not turn upon any evidentiary contention. Instead, the court made it abundantly clear that Mr. Townson's fraud claims, as presently pled, are deficient under Alabama law because they do not reflect "sufficient[] independen[ce] from his breach of contract count." (Doc. 16 at 4).

Specifically, Mr. Townson's complaint asserts fraud claims that are premised upon and interrelated with the same allegations that support his breach of contract claim and, regardless of the supporting evidence that he has since discovered, Alabama fraud law simply does not permit this type of legal bootstrapping. Importantly, no portion of the Relief Motion brings into question the substantive soundness of the court's pleadings-based dismissal of Mr. Townson's fraud claims.

6

Accordingly, for all these reasons, the Relief Motion is **DENIED**.

**B.    Koch's Briefing Motion**

Because the court has denied Mr. Townson's Relief Motion, Koch's Briefing

Motion is, accordingly, **TERMED** as **MOOT**.

**IV.   Conclusion**

For the reasons stated herein the Relief Motion is **DENIED**, and the Briefing

Motion is **TERMED** as **MOOT**.

**DONE** and **ORDERED** this 19th day of August, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7